## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DEBRA PRYOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:24-cv-1883-DWD** |
| | ) | |
| **WALMART INC. and ARNO** | ) | |
| **SPONEMAN, III,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This case involves a single count of negligence. (Doc. 1-2). Plaintiff allegedly "slipped and fell in the produce department due to an unattended spill on the floor." (Doc. 1-2, pg. 5). Defendants removed the case from the Third Judicial Circuit Court of Madison County, Illinois, on August 14, 2024. (Doc. 1). The Notice of Removal claimed complete diversity between Plaintiff and Defendant Walmart, Inc. (Doc. 1, pg. 1). However, Defendant Walmart, Inc., suggested Defendant Sponeman, the manager of the store at issue, was fraudulently joined to avoid diversity jurisdiction. (Doc. 1, pg. 2).

On the same date as the removal, August 14, 2024, Defendants also filed a Motion to Dismiss as to only Defendant Sponeman under Federal Rule of Civil Procedure 12(b)(6). (Doc. 5). In support of a dismissal of Defendant Sponeman, Defendants argued:

> Plaintiff has not alleged any facts that support a finding that Defendant Sponeman had any direct involvement in the alleged incident or any act or omission lead[ing] to the creation of the alleged hazard. Further, there are no allegations contained in the Plaintiff's Complaint that Defendant

Sponeman exercised dominion, or "exclusive control," over the land, as opposed to directing the people and activities on the land.

(Doc. 5, pg. 2).

Put another way, Defendants argued there was no allegation in the single count Complaint that Defendant Sponeman was "an 'active tortfeasor' " who "possessed" the premises. (Doc. 5, pgs. 4, 6-7). Plaintiff declined to respond to the Motion to Dismiss.

Thereafter, in recognition of the fraudulent joinder issue, the Court found briefing was necessary by the parties. As such, on September 23, 2024, the Court, in part, ordered:

> [B]efore any further action is taken in this case, the Court **FINDS** it is necessary for the parties to brief the fraudulent joinder issue. *See Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009) ("A plaintiff typically may choose its own forum, but it may not join a nondiverse defendant simply to destroy diversity jurisdiction. [Citation]. The 'fraudulent joinder' doctrine, therefore, permits a district court considering removal 'to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.' "); *see also Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (discussing this and other fraudulent joinder principles); *City of Evanston v. Monsanto Co.*, ---F. Supp. 3d ----, 2024 WL 1050156, *3 (N.D. Ill. March 11, 2024) ("[I]n determining whether diversity exists, courts may disregard parties fraudulently joined."). Specifically, on or before October 7, 2024, each party is **DIRECTED** to file a Memorandum, not to exceed 5 double-spaced pages in 12-point font, on the issue of whether Defendant Sponeman has been fraudulently joined by Plaintiff. Moreover, on or before October 15, 2024, each party is **FURTHER DIRECTED** to file a Response to the other party's Memorandum. Those Responses shall not exceed 5 double-spaced pages in 12-point font.

(Doc. 11).

Defendants timely complied with the directive to file a Memorandum on the fraudulent joinder issue, raising arguments similar to those presented in their Motion to Dismiss. (Docs. 11 & 12). Plaintiff, by contrast, ignored the Court's directive and declined,

as with the Motion to Dismiss, to weigh in on the issue. (Doc. 11). For this reason, there has been no compliance with the directive for responsive briefing. (Doc. 11).

Now, under the fraudulent joinder doctrine, an out-of-state defendant's right of removal, based on the Court's diversity jurisdiction, cannot be defeated by the joinder of a nondiverse defendant against whom the plaintiff has "no chance of success." *Morris*, 718 F.3d at 666 (citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir.1992); *Walton v. Bayer Corp.*, 643 F.3d 994 (7th Cir.2011); *Schur*, 577 F.3d at 763; *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875 (7th Cir.1999); *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323 (7th Cir.1993)); *accord Schumacher v. Sterigenics U.S., LLC*, 394 F. Supp. 3d 837, 847 (N.D. Ill. 2019). The removing defendant has a "heavy burden" of showing, even when resolving all issues of fact and law for the plaintiff, a cause of action cannot be established against the in-state defendant. *Id.* (quoting *Poulos,* 959 F.2d at 73); *accord Schumacher*, 394 F. Supp. 3d at 847. If this showing is made, then, as alluded to at Doc. 11, the Court "may 'disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over [the] case, dismiss the nondiverse defendants, and thereby retain jurisdiction.' " *Id.* (quoting *Schur,* 577 F.3d at 763); *accord Schumacher*, 394 F. Supp. 3d at 847. Since the Court "disregard[s]" the nondiverse defendant, the fraudulent joinder doctrine is an exception to the complete diversity requirement. *Id.* (quoting *Schur*, 577 F.3d at 763; citing *Walton,* 643 F.3d at 999); *accord Schumacher*, 394 F. Supp. 3d at 847.

Moreover, "under Illinois law, '[a] person is not absolved of personal liability to a third-party merely because he or she was acting as an employee within the scope of employment at the time of the incident.' " *Salah v. Wal-Mart Stores, Inc.*, No. 16-cv-1163,

2017 WL 131571, *2, 4 (S.D. Ill. Jan. 13, 2017) (citing *Lambert v. Wal-Mart Stores, Inc.*, No. 14-cv-1124, 2015 WL 264817, *2 (S.D. Ill. Jan. 20, 2015). An employee's breach of a duty owed to an employer cannot, by itself, form a basis for holding the employee liable in tort to a third-party, but the employee may be liable to the third-party if he or she causes harm through negligent or intentional conduct. *See id.* (quoting Restatement (Third) of Agency § 7.01). That is, an employee, like Defendant Sponeman, may be personally liable for a customer's injuries if he or she was an active tortfeasor and not simply a manager, *i.e.*, if he or she owed a duty to the customer that was independent of the duty owed to the employer and the employee "caused the incident or actively contributed to the act which caused the incident." *See Salah*, 2017 WL 131571 at *2, 4 (citing *Lambert*, 2015 WL 264817 at *2 (collecting cases)); *Allison v. Gordon Food Serv., Inc.*, No. 21-cv-2067, 2021 WL 6118176, *4 (C.D. Ill. May 24, 2021); *Snyder v. Wal-Mart Stores, Inc.*, No. 18-cv-583, 2018 WL 1586246, *6 (N.D. Ill. April 2, 2018). The existence of a duty depends upon whether the defendant controlled the premises during the accident. *Salah*, 2017 WL 131571 at * 4 (quoting *Lester-Washington v. Wal-Mart Stores, Inc.*, No. 11-cv-568 (S.D. Ill. Dec. 14, 2011)); *see also Racky v. Belfor USA Group, Inc.*, 2017 IL App (1st) 153446, ¶ 94 (" 'The term "possessor" with respect to possession of land is defined in the Restatement as "a person who is in occupation of the land with intent to control it." ' [Citation]. 'The two requirements under that subsection are occupation and intent to control the *land*, as opposed to the activities or individuals thereon.' [Citation]. 'The concept of "control" is closely tied with the ability to exclude people from the use of a piece of property or to direct how that property is to

be used.' [Citation]. 'Only the party in control of the premises can be held liable for a defective or dangerous condition on the premises.' ") (Emphasis in original.).

Here, Plaintiff alleges Defendant Sponeman managed, operated, and controlled "Walmart Store #256" in Glen Carbon, Illinois. (Doc. 1-2, pg. 5). She alleges both Defendants were responsible for the maintenance, upkeep, and inspection of the premises. (Doc. 1-2, pgs. 5-6). Nevertheless, Plaintiff slipped and fell on "an unattended spill on the floor," which was an unreasonable risk of harm about which Defendants had "sufficient time to [be] alert[ed]." (Doc. 1-2, pgs. 5-6). Despite their duty to members of the public to provide safe access to the premises and to keep the immediate areas surrounding the premises in a reasonably safe condition that was free of hazards, Defendants allegedly: (1) failed to safely maintain the premises; (2) failed to remove, remedy, or repair the premises; (3) failed to warn members of the public of the danger presented by the premises; (4) failed to barricade or otherwise prevent the public from encountering the dangerous, hazardous, and/or defective premises; and (5) failed to inspect and remedy potential hazards on the premises. (Doc. 1-2, pg. 6).

Based on these allegations, the Court **FINDS** Plaintiff has fraudulently joined Defendant Sponeman. Initially, the Court emphasizes that Plaintiff's substantive allegations are generic and equally applicable to both Defendants. Plaintiff has not identified any misconduct related to the "unattended spill on the floor" that is specific to Defendant Sponeman. *See Allison*, 2021 WL 6118176 at *5 (noting a general allegation, such as the failure to maintain premises in a reasonably safe condition, may not generate liability against a store manager, but a specific allegation, such as the failure to properly

place or secure a mat at an entryway or notice that the mat was improperly placed or secured, could give rise to personal liability against an employee); *Brady v. Menard, Inc.*, No. 16-cv-7509, 2017 WL 201375, *2 (N.D. Ill. Jan. 18, 2017) (similarly recognizing that some general allegations, such as the failure to maintain the premises in a reasonably safe condition or the failure to provide adequate rules or protocols, "clearly could not generate liability for individual employees," but other specific allegations, such as the failure to properly stack wood or tie down a product, could give rise to personal liability for an employee). Indeed, Defendant Sponeman has submitted an Affidavit, which has remained uncontested by Plaintiff, that indicates, *inter alia*, he "had no involvement in the alleged slip and fall incident[] nor…the subsequent investigation." (Doc. 3, pg. 1). Therefore, Plaintiff has not adequately alleged Defendant Sponeman was an active tortfeasor, *i.e.*, that he breached a duty independently owed to Plaintiff, rather than a duty merely owed as a store manager to Defendant Walmart Inc., *and* that he caused the slip and fall stemming from the "unattended spill on the floor" or contributed to an act causing that incident. *See Salah*, 2017 WL 131571 at *2, 4; *Allison*, 2021 WL 6118176 at *4; *Snyder*, 2018 WL 1586246 at *6. As a result, the Court **CONCLUDES** Defendants have met their "heavy burden" of showing Plaintiff cannot establish a cause of action against Defendant Sponeman. *See Morris*, 718 F.3d at 666; *Schumacher*, 394 F. Supp. 3d at 847.[1]

---

[1]The Court again notes Plaintiff declined her opportunity to raise arguments on the Motion to Dismiss and fraudulent joinder issue. Generally, litigants waive arguments or issues not presented to district courts. *Braun v. Village of Palatine*, 56 F.4th 542, 553 (7th Cir. 2022) (quoting *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011)); *accord G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012); *see also Walsh v. McDevitt*, 654 F. Supp. 3d 744, 762 (C.D. Ill. 2023) (" 'The general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's argument implies concession.' ");

It is notable, too, that this conclusion is consistent with that reached by other district courts in the Seventh Circuit. *Compare, e.g., Odom–Green v. Wal–Mart Stores, Inc.*, No. 13-cv-631, 2013 WL 5967738, *4-5 (S.D. Ill. Nov. 8, 2013) (holding store manager was fraudulently joined where, in an affidavit, the store manager stated he was not working at the time of the incident, he had no responsibility to supervise the conduct of employees when he was not at the store, and he did not train employees that failed to clean up the spill at issue); *with Lambert*, 2015 WL 264817 at *2 (holding store manager was not fraudulently joined where, although she could not be liable "simply for being a manager," she could be liable for breaching an independent duty owed directly to the plaintiff, and she was managing the store close in time to the plaintiff's injury, a subordinate allegedly had knowledge of a hazardous condition on the premises, and she was responsible for the overall operation of the store); *Salah*, 2017 WL 131571 at *4-5 (holding store managers were not fraudulently joined where, *inter alia*, the store manager was not working at the time of the plaintiff's injury but was responsible for the overall operation of the store, the assistant store manager was on duty and present at the time of

---

*but see Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 827 n. 6 (7th Cir. 2015) (discussing distinction between an ability to appeal an erroneous legal decision, despite an appellant's failure to respond to a motion to dismiss, and an inability to appeal based on arguments or issues not presented to the district court). This is true "when 'a party fails to develop arguments related to a discrete issue' and also when he 'effectively abandons' the issue 'by not responding to alleged deficiencies in a motion to dismiss.' " *Braun*, 56 F.4th at 553 (quoting *Alioto*, 651 F.3d at 721; *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005)); *accord Lee v. Ne. Illinois Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1054 (7th Cir. 2019); *G & S Holdings LLC*, 697 F.3d at 538. These principles are grounded in the notion that "[t]he obligation to raise the relevant arguments rests squarely with the parties, because, as [the Seventh Circuit has] repeatedly explained: 'Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.' " *G & S Holdings LLC*, 697 F.3d at 538 (quoting *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999); *Alioto*, 651 F.3d at 721; *Lekas*, 405 F.3d at 614-15).

the injury, the assistant store manager was responsible for the day-to-day supervision of employees, and the store manager and assistant store manager supervised employees and intervened when they were not following safety procedures); *Allison*, 2021 WL 6118176 at *5 (holding store manager was not fraudulently joined where, although "an allegation such as the failure to maintain the premises in a reasonably safe condition [could] not generate liability," there could still be personal liability because the store manager was working at the time of the incident, the plaintiffs alleged the store manager's job responsibilities included managing the store employees and ensuring the store was clean and properly maintained, the plaintiffs alleged the store manager failed to properly place or secure a mat at the entry to the store, and the plaintiffs alleged the store manager had notice that the mat was not properly placed or secured); *Snyder*, 2018 WL 1586246 at *6 (holding store manager was not fraudulently joined where he worked six hours before the plaintiff's injury and the plaintiff alleged the store manager created an unreasonably dangerous condition by placing floor mats beneath a produce stand).

Accordingly, the Court disregards the citizenship of Defendant Sponeman in order to assume jurisdiction over the case. *See Morris*, 718 F.3d at 666; *Schumacher*, 394 F. Supp. 3d at 847. For the reasons explained above, Defendant Sponeman is **DISMISSED, with prejudice**, and the Court **RETAINS** subject matter jurisdiction over the action. *See Morris*, 718 F.3d at 666; *Schumacher*, 394 F. Supp. 3d at 847. With this jurisdictional issue resolved, scheduling and discovery deadlines will be entered by a separate order. Also, by virtue of this ruling, the Motion to Dismiss at Doc. 5 is **TERMINATED as moot**.

**SO ORDERED.**

Dated: October 22, 2024

*s/ David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge